**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIHONG HE,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 22-1715<br><br>Agency No.<br>A209-780-600<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Lihong He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and remand.

The BIA found no clear error in two factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support the agency's determination that He's testimony was inconsistent regarding whether she became pregnant and gave birth while an IUD was inserted because the agency failed to address her explanation as to the purported inconsistency. *See Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (IJ must consider and address all plausible and reasonable explanations).

The BIA's analysis of the remaining finding regarding He's first encounter with family planning officials is ambiguous as the BIA appeared to rely on the discrepancy but found that He's explanation "does persuasively explain the inconsistency."

Because we cannot be confident that the BIA would have upheld the adverse credibility determination based on this ambiguous finding alone, we grant the petition and remand for the BIA to reconsider He's credibility and for any necessary further proceedings consistent with this decision. *See Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021) (remand appropriate for BIA to

determine whether remaining factors support determination); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (single-factor rule for adverse credibility determinations overruled).

We do not consider the materials He references in her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The motion for a stay of removal is granted.  The stay of removal remains in place until the mandate issues.

Each party must bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**